UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KEVIN KELLY**,

        Plaintiff,

vs.

**COUNTY OF WAYNE,**
a Governmental Corporation,

        Defendant.

<u>**DEMAND FOR JURY TRIAL**</u>

Case No.  17-12982

_____

**GASIOREK, MORGAN, GRECO,**
 **MCCAULEY & KOTZIAN P.C.**
Sam Morgan (P36694)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, Michigan  48334
Telephone (248) 865-0001
Fax (248) 865-0002
sam.morgan@gmgmklaw.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, **KEVIN KELLY,** by his attorneys, **GASIOREK, MORGAN. GRECO, MCCAULEY & KOTZIAN, P.C.**, complains against Defendant, as follows:

1.    This lawsuit asserts claims of employment discrimination in violation of: (a) the Americans with Disabilities Act ("ADA"), 42 USC § 12117,

(b) the Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL § 37.1101 *et seq.*, (c) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 USC §621, *et seq.*, and (d) the Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*

## PARTIES

2.  Plaintiff is an individual residing in the City of Detroit, Wayne County, Michigan.

3.  Defendant, County of Wayne, is a body politic and corporate, organized and existing under the Constitution and laws of the State of Michigan, and has its principal office at 500 Griswold in Detroit, Wayne County, Michigan.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over Defendant because it was formed under the laws of, has its principal place of business in, and is conducting business on a regular and systematic basis in, the State of Michigan.

5.  This Court has jurisdiction of Plaintiff's ADA and ADEA claims under and pursuant to USC §2000e-5 and 28 USC §§1331, 1343.

6.  This Court has supplemental jurisdiction of Plaintiff's state law claims under and pursuant to USC §1367.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 9, 2016. (Attached as **Exhibit A,** referred to herein as the "EEOC Charge").

8. Plaintiff requested that the EEOC issue the right-to-sue notice on an expedited basis in February 2017, but that request was ignored or refused by the EEOC.

9. Plaintiff received notification of the right-to-sue from the EEOC on or about June 13, 2017 (attached as **Exhibit B**), and has timely filed this Complaint within 90 days of receiving the EEOC's notice of the right to sue.

10. Venue is proper pursuant to 28 U.S.C. §1391, as the events giving rise to this cause of action occurred within this judicial district.

## COMMON ALLEGATIONS

11. Plaintiff's date of birth is March 31, 1961.

12. On September 10, 2007, Plaintiff began employment with Defendant as the Assistant Director of HIPAA Compliance in Defendant's Department of Health and Human Services ("HHS").

13. Effective December 2008, Defendant promoted Plaintiff to Division Director of HIPAA, Privacy and Security in its HHS Department.

14. In or around 2011, Plaintiff was diagnosed with multiple sclerosis ("disability").

15. Multiple sclerosis is a chronic and long-term condition for which there is no cure.

16. Plaintiff's multiple sclerosis is considered a "disability" or a "history of a disability" and/or Plaintiff is "perceived" or "regarded" as disabled as those terms are defined by the ADA and PWDCRA.

17. Defendant, at all times, was informed of and aware of Plaintiff's disability.

18. In spring 2015, Defendant decided to reorganize and consolidate the HHS Department, the Department of Children and Family Services, and the Veterans Services Department into one department.

19. Defendant sought and received approval for said reorganization and consolidation from the Wayne County Board of Commissioners in May 2015.

20. In accordance with its past practice, Defendant issued a press release and a copy of the reorganization plan on the day it sought and received approval from the Wayne County Board of Commissioners.

21. The new consolidated department was named the Department of Health, Veterans and Community Wellness ("HVCW").

22. As a result of the consolidation, in or about October 2015, Plaintiff's title changed to Policy, Compliance, and HIPAA Officer.

4

23. In 2016, Plaintiff began suffering more noticeable physical symptoms of multiple sclerosis, including an unsteady gate and slurred speech.

24. Plaintiff's symptoms did not interfere with his ability to fully perform the essential duties and responsibilities of his position.

25. Plaintiff, despite his disability, continued to perform all of his duties and responsibilities in a manner that demonstrated that he was qualified for his position and for other positions within Defendant's HVCW Department.

26. On or about August 6, 2016, Plaintiff was involved in a bicycle accident and suffered a broken collar bone.

27. The injuries that Plaintiff suffered in the bicycle accident did not interfere with Plaintiff's ability to perform the duties and responsibilities of his position.

28. As Plaintiff recovered from his bicycle accident injuries, Plaintiff's co-workers openly made comments about Plaintiff's physical symptoms, and his unsteady gait in particular.

29. On October 27, 2016, Defendant notified Plaintiff that his employment was terminated.

30. Plaintiff was 55-years old when his employment was terminated.

31. When Plaintiff inquired why he was terminated, Defendant informed him that he was an at-will employee and that Defendant did not need to give him a reason.

32. Plaintiff then requested and received a copy of his personnel file which contained no documentary evidence of any concerns or problems with his job performance.

33. Plaintiff's personnel file, also, contained no information indicating a/the reason for his termination.

34. In December 2016, in responding to Plaintiff's EEOC Charge, Defendant explained that its decision to terminate Plaintiff's employment was the result of further consolidation of several senior leadership positions in HCVW that were recommended in May 2016.

35. Defendant explained that, according to the May 2016 recommendation, the duties and responsibilities of Plaintiff's position were combined with the responsibilities of a newly-created position that would have departmental responsibilities for all matters of HIPAA compliance, and for audit and policy compliance.

36. Defendant explained that in June 2016, the HCVW director, working with other members of Defendant's management team, prepared an executive staffing plan for HVCW's FY 2016/2017 budget which reflected an

6

elimination of Plaintiff's position and the creation of the department-wide compliance, audit and HIPAA position.

37. Defendant explained that said executive staffing plan for the HVCW was approved by the Wayne County Board of Commissioners when the FY 2016/2017 budget was approved in September 2016.

38. Defendant also stated that the new department-wide compliance, audit and HIPAA position was and "remained unfilled", even as of December 2016.

39. The 2016/2017 Budget Book assembled and published by Defendant, and posted on Defendant's web-site, does not mention anything about further consolidation of positions in the HVCW, or the elimination of Plaintiff's position, or the purported creation of a new department-wide compliance, audit and HIPAA position.

40. Defendant did not issue any press releases to announce any consolidation of positions in the HVCW subsequent to the May 2015 reorganization, the elimination of Plaintiff's position, or the purported creation of a new department-wide compliance, audit and HIPAA position.

41. Plaintiff, who is a licensed attorney and had extensive compliance, audit and HIPAA responsibilities during the course of his 9-year

7

tenure of employment with Defendant, was qualified for the purported "newly-created" department-wide compliance, audit and HIPPA position.

42. In responding to Plaintiff's EEOC Charge, Defendant failed to explain why it did not consider or assign Plaintiff for/to the purported newly-created department-wide compliance, audit and HIPAA position.

43. Defendant had/has no legitimate, non-discriminatory reason for not considering or assigning Plaintiff for/to the purported newly-created department-wide compliance, audit and HIPAA position.

44. Plaintiff's disability, perceived disability, and/or age were factors that Defendant considered and used in making the decision to exclude Plaintiff from consideration or assignment for/to the purported newly-created department-wide compliance, audit and HIPAA position and to terminate his employment.

45. Defendant used the FY 2016/2017 budget process and the purported creation of a new department-wide compliance, audit and HIPAA position as a pretext for excluding Plaintiff from continued employment, and terminating his employment, because of his disability, perceived disability and/or age.

## COUNT I

## EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

46. Plaintiff repeats and incorporates each and every paragraph of this Complaint.

47. At all relevant times, Plaintiff had a disability which was unrelated to his ability to perform the duties of his particular position with Defendant.

48. Plaintiff's disability was also unrelated to his qualifications for and ability to perform the duties and responsibilities of a purported newly-created HVCW department-wide compliance, audit and HIPAA position.

49. Plaintiff was an individual with a disability within the meaning of the ADA, 42 USC 12102(2).

50. Plaintiff was a "qualified individual" as that term is defined by the ADA, 42 USC 12111(8).

51. Defendant is, and at all relevant times was, a covered entity subject to the anti-discrimination provisions of the ADA.

52. Pursuant to the ADA, Defendant was prohibited from discriminating against qualified individuals with a disability, like Plaintiff.

53. The ADA prohibition against disability discrimination includes, but it not limited to, exclusion from employment in the hiring, or in workforce

organization, re-organization and position assignments, termination decisions, and other terms, conditions, and privileges of employment.

54. Defendant had direct notice of Plaintiff's disability.

55. Defendant's management agents also regarded and perceived Plaintiff as having or suffering from a disability.

56. Defendant violated the ADA by discriminating against Plaintiff because of his disability or perceived disability in the following respects:

    a. Terminating Plaintiff's employment because of his disability or perceived disability.

    b. Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because of his disability or perceived disability.

    c. Treating Plaintiff differently, or less favorably, than employees who were not disabled or perceived and regarded as disabled.

    d. Limiting, segregating, or classifying Plaintiff in a way which deprived or intended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment because of a disability or perceived disability – such as excluding him for consideration for assignment and continued employment in the purported newly-created department-wide compliance, audit and HIPAA position.

    e. Segregating, classifying, or otherwise discriminating against and disparately treating Plaintiff on the basis of a disability or perceived disability with respect to the terms, conditions, or privileges of employment.

      f.      Failing and refusing to engage in an interactive process with Plaintiff and/or to identify positions for which Plaintiff was qualified and would accommodate his disability.

57. As a direct and proximate result of Defendant's discriminatory and illegal acts, which acts were based on unlawful considerations of Plaintiff's disability and/or perceived disability, Plaintiff suffered damages, including but not limited to: (1) the loss of past and future employment income and employee benefits, (2) personal injuries including but not limited to mental, emotional, and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage and injury to his feelings, and (4) injury to his professional reputation as an attorney and public administrative executive.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a judgment in his favor, and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) injunctive relief in the form of reinstatement to his former position and reinstatement of fringe benefits and seniority rights, (3) exemplary and/or punitive damages, and (4) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees, pursuant to 42 USC § 12205.

## COUNT II
## EMPLOYMENT DISCRIMINATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA")

58. Plaintiff repeats and reincorporates each and every paragraph of this Complaint.

59. Michigan's PWDCRA guarantees employees (like Plaintiff) that they have a right to be free of discrimination on account of any disability or perceived disability that they experience.

60. At all relevant times, Plaintiff was an "employee" as that term is defined by the PWDCRA.

61. At all relevant times, Plaintiff suffered a disability which was unrelated to his ability to perform the duties of his particular job with Defendant and/or was unrelated to his qualifications for employment.

62. Plaintiff is disabled as defined by the PWDCRA.

63. Defendant was advised and/or aware of Plaintiff's disability.

64. Defendant regarded and perceived Plaintiff as having or suffering from a disability.

65. Defendant violated the PWDCRA by discriminating against Plaintiff because of his disability or perceived disability in the following respects:

    a. Terminating Plaintiff's employment because of his disability, or perceived disability.

    b. Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because of his disability or perceived disability.

    c. Treating Plaintiff differently, or less favorably, than employees who were not disabled.

    d. Limiting, segregating, or classifying Plaintiff in a way which deprived or intended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment because of a disability or perceived disability– such as excluding him for consideration for assignment and continued employment in the purported newly-created department-wide compliance, audit and HIPAA position.

    e. Segregating, classifying, or otherwise discriminating against and disparately treating Plaintiff on the basis of a disability or perceived disability with respect to the terms, conditions, or privileges of employment.

66. As a direct and proximate result of Defendant's discriminatory and illegal acts, which acts were based on unlawful considerations of Plaintiff's disability or perceived disability, Plaintiff suffered damages, including but not limited to: (1) the loss of past and future employment income and employee benefits, (2) personal injuries including but not limited to mental, emotional, and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage

13

and injury to his feelings, and (4) injury to his professional reputation as an attorney and public administrative executive.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a judgment in his favor, and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) injunctive relief in the form of reinstatement to his former position and reinstatement of fringe benefits and seniority rights, (3) exemplary and/or punitive damages, and (4) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

## COUNT III
## EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

67. Plaintiff repeats and reincorporates each and every paragraph of this Complaint.

68. Defendant is an "employer" as that term is defined in the ADEA.

69. As an employer, Defendant owed Plaintiff a duty pursuant to the ADEA not to discriminate against him with respect to employment, compensation or a term, condition or privilege of employment because of his age.

70. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees,

terminating Plaintiff's employment, denying him opportunities for other positions, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his older age.

71. Defendant, upon information and belief, further engaged in a pattern and practice of discrimination by terminating other employees because of their age.

72. Defendant's discriminatory termination of Plaintiff because of his age was willful and deliberate.

73. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation as an attorney and public administrative executive.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus liquidated and/or punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT IV
## EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

74. Plaintiff repeats and reincorporates each and every paragraph of this Complaint.

75. Plaintiff is a "person" as that term is defined in MCL § 37.2103.

76. Defendant is an "employer" as that term is defined in MCL § 37.2201.

77. As an employer, Defendant owed Plaintiff a duty pursuant to the ELCRA not to discharge, or otherwise discriminate against him with respect to employment, compensation, or a term, condition, or privilege of employment, because of age.

78. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, denying him opportunities for other positions, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his older age.

79. Defendant, upon information and belief, further engaged in a pattern and practice of discrimination by terminating other employees because of their age.

80. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation as an attorney and public administrative executive.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

### DEMAND FOR TRIAL BY JURY

Plaintiff, by his attorneys, GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN P.C., demands a trial by Jury.

        **GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.**

BY: /s/*Sam G. Morgan*
    SAM G. MORGAN, (P36694)
    Attorney for Plaintiff
    30500 Northwestern Hwy, Ste. 425
    Farmington Hills, MI 48334
    (248) 865-0001
    sam.morgan@gmgmklaw.com

Dated: September 11, 2017